**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL NO. 3:05Cr104-20**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER DENYING BOND** |
| vs. ) | |
| ) | |
| GRADY DONNELL EADES, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant GRADY DONNELL EADES' Motion for Bond Review. Because the Defendant is guilty of a Controlled Substances Act offense with a maximum term of ten years or more, section 3143(a)(2) of the Bail Reform Act of 1984 mandates that the defendant "be detained" while "awaiting imposition . . . of sentence" unless

(A)(1) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; *or*

(2) an attorney for the government has recommended that no sentence of imprisonment be imposed; *and*

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any person or the community.

18 U.S.C. § 3143(a)(2) (bold and italics added); *see also* 18 U.S.C. § 3142(f)(1)(C).

Because the Defendant pled guilty, it is clear that there is no likelihood that a motion for acquittal or new trial will be granted. 18 U.S.C. § 3142(a)(2)(A)(1). Likewise, no attorney from the government has indicated that the defendant should receive "no sentence of imprisonment." 18 U.S.C. § 3142(a)(2)(A)(2). Because Congress used the conjunctive "and" between subsections 3142(a)(2)(A) and 3142(a)(2)(B) and since the Defendant can not meet either sub-subsection

3142(a)(2)(A)(1) or (A)(2), there is no reason to even address section 3142(a)(2)(B). Thus the Bail Reform Act mandates his continued custody, regardless of any changed circumstances or any personal or family matters.

THEREFORE Defendant's Motion is DENIED.

Signed: April 20, 2007

Frank D. Whitney
United States District Judge